1
2
3
5
6

Andre L. Verdun (SBN 265436)
Attorney at Law
C/O 401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (619) 880-0110
Fax. (866) 786-6993
Andre@VerdunLaw.com

7
8
9
10
11
12

RONALD WILCOX, Bar No. 176601
Attorney at Law
1900 The Alameda St., 530
San Jose, CA 95126
Tel: 408-296-0400
Fax: 408-296-0486
ronaldwilcox@post.harvard.edu

13
14

Attorneys for the Plaintiff,
Nikeaira Henry

15

16
17

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **NIKEAIRA HENRY**, | Case No.: **'18 CV 2475 BEN WVG** |
| | **COMPLAINT** |
| Plaintiff, | |
| | **DEMAND FOR JURY TRIAL** |
| v. | |
| **BELMONT FINANCE LLC**, **DOES 1-10**, | |
| Defendants. | |

-1-

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                    Case #:

# I. INTRODUCTION

1. Ms. Henry is an active member of the United States Armed Services, stationed in San Diego, CA. Ms. Henry is a victim of identity theft.

2. A sales person from Kirby Vacuum completed a credit application in Ms. Henry's name, forged her signature, and submitted the application to Belmont Finance LLC ("Defendant" or "Belmont").

3. When Belmont sent Ms. Henry a letter confirming the creation of the credit line, Ms. Henry informed Belmont she never requested the loan. Belmont sent Henry the signed loan application and Henry confirmed that the signature on the application was not her own. Even so, Belmont insisted on payment, so Ms. Henry filed a police report along with an identity theft affidavit and provided both of these to Belmont by certified mail with return receipt.

4. Without regard for the certified mail documents, Belmont continued to engage in collection efforts including the placing of multiple telephone calls, at all hours of the day, multiple times a day, to her cell phone, despite her requests to cease, and by placing calls to third parties to discuss her account. All of this occurred even after Henry informed Belmont that she was represented by an attorney, an did not owe the debt. Belmont placed more than 50 calls in about 5 months in an attempt to collect a debt that was not owed.  Belmont, through its collection agent, furnished information to the three major credit reporting agencies that it knew or should have known was false and inaccurate.

5. As a result of Defendants' unlawful acts and omissions, Ms. Henry suffered actual damages in the form of serious and severe physical and emotional injury, credit damage, loss of credit opportunities, emotional distress, including nervousness, stress, paranoia, embarrassment,

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

humiliation, anger, loss of concentration at work and home, fear, hopelessness, sleep problems, gastrointestinal problems, frustration, anxiety, depression, irritation, and loss of enjoyment of life, damage to her credit, loss of credit opportunities, among other negative emotions.

6.    According to the FBI, Identity Theft is the fastest growing crime in the United States.  In 2012 alone, 12.6 million people in the United States became victims of identity theft.

7.    According to the FDCPA, 15 U.S.C. § 1692, which has been incorporated by California's Fair Debt Collection Practices Act:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy**.

> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## II. JURISDICTION AND VENUE

8.    Defendants are authorized to do business and do conduct business in California.

9.    Jurisdiction of this Court arises under 28 U.S.C. § 1337, and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

10.  Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

///

## III. PARTIES

-3-

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

11.   Plaintiff, Nikeaira Henry ("Ms. Henry" or "Plaintiff"), is a natural person residing in San Diego, California. Ms. Henry is a "person" as defined by Cal. Civil Code § 1788.2(g), a "debtor" as defined by Cal. Civil Code § 1788.2(h), and a "victim of identity theft" as defined by Cal. Civil Code § 1798.92(d).

12.   Defendant, Belmont Finance LLC ("Belmont" or "Defendant") is a debt collector as that term is defined by California Civil Code § 1788.2(c). Belmont is a "claimant" as defined by Cal. Civil Code § 1798.92(a).

13.   Defendants, Does 1 through 10, are persons or entities whose true names and capacities are presently unknown to Ms. Henry, and who are thusly sued by such fictitious names. Ms. Henry is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Ms. Henry. Ms. Henry will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

14.   Ms. Henry alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

15.   Defendants authorized, approved, and/or ratified the acts herein.

/ / /

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                         Case #:

16.   Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Ms. Henry to refer to all the Defendants above.

## IV. FACTS

17.   Ms. Henry is an active member of the United States Armed Forces and stationed in San Diego, CA.

18.   On or about October 31, 2017, a sales person from Kirby Vacuum cleaner came to Ms. Henry's house and demonstrated a Kirby Vacuum cleaner.

19.   After the sales person finished demonstrating the Kirby Vacuum, Ms. Henry provided her credit card.

20.   But, instead, and for reasons unknown, the Kirby Vacuum sales person from Westlake Distributors completed a credit application, forged Ms. Henry's signature, and submitted the application to Belmont, who subsequently financed the Kirby Vacuum, without Ms. Henry's knowledge.

21.   Some of the information inputted onto the credit card application was incorrect. Other information was provided by Ms. Henry for reasons other than obtaining credit.

22.   In opening the consumer credit account on behalf of Ms. Henry for the financing the Kirby Vacuum cleaner, Belmont started reporting the credit account to the credit reporting agencies.

23.   Belmont reported the account to all three of the major credit reporting agencies (Equifax, Experian, and TransUnion) that Henry had a consumer credit account with Belmont, even though Belmont knew or should have known the account did not belong to Henry.

24.   On or about November 18, 2017, Ms. Henry received a letter from Belmont stating that a loan was approved. She did not recognize the lender

-5-
COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

nor remember opening a new credit account, so she contacted Belmont to find out what the bill was concerning.

25.   On November 18, 2017, at 11:29 AM Ms. Henry contacted Belmont (877-547-2926) and spoke with Jollie. Ms. Henry asked about the Belmont credit account and stated that she did not know what the account was in regard to. Jollie told Ms. Henry that it was regarding the Kirby Company and that Ms. Henry had signed a contract for the credit line. Ms. Henry told Jollie that she did not sign a contract to establish a new credit line. There was a back and forth argument between Jollie and Ms. Henry, as Jollie insisted the contract was signed by Ms. Henry and Ms. Henry insisted she signed no such contract.

26.   Henry finally asked for a copy of the contract to be sent to her.

27.   On November 18, Belmont sent Ms. Henry a copy of the credit application. The credit application was not completed by Ms. Henry nor did she consent for it to be completed on her behalf. The signature on the application was not her – it was forged. Some of the information that was not available to the Kirby sales person was wrong on the credit application.

28.   On November 18, 2017 at 3:49 PM, Ms. Henry contacted Belmont (877-547-2926) and spoke with Jollie for a second time. Ms. Henry explained that some of the personal information on the contract she was sent was wrong, and that it was not her signature on the contract. Jollie responded by saying there was nothing that could be done because Ms. Henry signed the contract.

29.   During these two November 18th phone calls, Ms. Henry placed the call using a cell phone number that was not provided by Ms. Henry to Kirby or Belmont. Belmont captured the phone number and started calling Ms. Henry using this cell phone number. Belmont did not have consent to

call Ms. Henry on her cell phone.

30.  On December 14, 2017, at 1:39 PM, Belmont called Ms. Henry (877-547-2926) and demanded payment on the Belmont account. Ms. Henry stated that she was not going to make any payments because she did not open the account and explained it was opened as the result of identity theft. The representative from Belmont continued to demand payment. Ms. Henry stated that she contacted an attorney and had nothing else to say to Belmont and hung up on Belmont.

31.  On December 14, 2017, the women from Belmont that had called Ms. Henry earlier in the day called back at around 2:59 PM (877-547-2926). She again demanded payment and Ms. Henry repeated that her lawyer would be contacting Belmont and hung up on the representative.

32.  Belmont continued to continuously call Ms. Henry's cell phone.

33.  Belmont attempted to collect a debt that Henry did not owe.

34.  Belmont then placed their debt with McNeil and Meyers, a third party debt collector, for collection of the debt on their behalf.

35.  Belmont hired McNeil and Meyers to act as its agent in the attempts to collect the alleged debt and report the alleged debt to credit reporting agencies. Belmont, the principal, exercises control over the conduct or activities of the agent, McNeil and Meyers.

36.  Belmont failed to inform McNeil and Meyers that the debt was disputed, which violated 1692e(8) and 10 of the FDCPA.

37.  As a result, McNeil and Meyers furnished information on behalf of Belmont to the three major credit reporting agencies (Equifax, Experian and Transunion) that was false and inaccurate. And failed to report the debt as in dispute.  Belmont knew or should have known the information was false and inaccurate, and that the negative information would be furnished

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

1    to credit reporting agencies.

2        38.  At all relevant times, the conduct of the Defendant named above,

3    as well as that of its agents, servants and/or employees, was malicious,

4    intentional, willful, reckless, in conscious disregard for the rights of others,

5    and constitutes a gross and negligent disregard of the rights of Ms. Henry.

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF –

## CALIFORNIA IDENTITY THEFT STATUTE

*(Cal Civil Code § 1798.92 et. seq)*

        39.  Ms. Henry repeats and re-alleges the paragraphs above.

        40.  Belmont is a "claimant" within the meaning of Civil Code §
1798.92(a) in that it is a "person who has or purports to have a claim for
money or an interest in property in connection with a transaction procured
by identity theft."

        41.  Ms. Henry is a "victim of identity theft" within the meaning of Civil
Code § 1798.92(c) in that she is a person who has had her personal
identifying information used without authorization by another to obtain credit,
goods, services, money, or property which Ms. Henry did not use or possess.
To this extent, she has filed a police report regarding the violation pursuant
to Penal Code § 530.5.

        42.  Ms. Henry is a "victim of identity theft" within the meaning of Penal
Code section 530.5, in connection with the Belmont fraudulent charges.

        43.  Belmont's acts and omissions violated Civil Code §§ 1798.92 and
1798.93, including but not limited to, the sections listed below.

        44.  Pursuant to Civil Code § 1798.93(c)(1), Ms. Henry is entitled to a
declaration that she is not obligated of the the claimant, Belmont, for any

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                    Case #:

claim be it money or property.

45.   Ms. Henry is entitled to a declaration that any security interest that Belmont may have in some property Ms. Henry allegedly owns or owned is void and/or unenforceable.

46.   Pursuant to Civil Code section 1798.93(c)(3), Ms. Henry is entitled to an injunction restraining Belmont from collecting or attempting to collect from her on its alleged claims, from enforcing or attempting to enforce any security interest or other interest in her alleged property in connection with Belmont's claims, and from enforcing or executing on any judgment against Ms. Henry on such claims.

47.   Pursuant to Civil Code section 1798.93(c)(5), Ms. Henry is entitled to actual damages, attorney's fees, costs, and any equitable relief the court deems appropriate.

48.   Pursuant to Civil Code section 1798.93(c)(6), Ms. Henry is entitled to a civil penalty of up to $30,000 *in addition to any other damages*.  Ms. Henry provided written notice to Belmont, at least thirty days prior to filing an action, at the address designated by Belmont for complaints related to credit reporting issues, that a situation of identity theft might exist and she explained the basis for that belief.  Belmont failed to diligently investigate Ms. Henry's notification of a possible identity theft, and continued to pursue its alleged claims against Ms. Henry after being presented with facts that clearly establish Ms. Henry was a victim of identity theft.

49.   As a result of Belmont's violations, Ms. Henry is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, and any equitable relief the court deems appropriate.

/ / /

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

## SECOND CLAIM FOR RELIEF - RFDCPA

*((Rosenthal Fair Debt Collection Practices Act)*

*(Cal. Civil Code § 1788 et seq.))*

50.  Ms. Henry repeats and re-alleges, and incorporates by reference all the paragraphs above.

51.  Belmont's acts, omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of Cal. Civil Code § 1788 et seq., aka the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), including but not limited to violations of §§ 1788.11, and 1788.17.

52.  Belmont violated California Civil Code § 1788.11(d) and (e) by communicating by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances; and for making repeated telephone calls.

53.  Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692e, 1692(e)(2), 1692e(5), 1692e(8) and (10)), by making false, deceptive and/or misleading representations in an attempt to collect a debt, attempting to collect a debt that was not owed, misrepresenting the nature, character and amount of a debt, taking action they could not legally take, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54.  Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692f), by engaging in an unfair and

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                  Case #:

unconscionable act in an attempt to collect a debt.

55.  Belmont violated California Civil Code §1788.17 (via incorporation of 15 U.S.C. 1692c) by failing to cease communicating after consumer notified Defendant in writing that she would not pay the debt or that consumer wished for Defendant to cease further communications with her

56.  Defendants violated Cal.Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692d), by engaging in conduct which had the natural consequence to harass, oppress, and abuse Ms. Henry.

57.  Defendants violated Cal.Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692e; 1692e(2)(A);1692e(5); 1692(f) and 1692(f)(1), by engaging in the collection of the debt against Ms. Henry that was not owed and for an amount not owed.

58.  Defendants violated 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

59.  As a result of Defendants' violations, Ms. Henry is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code § 1788.17 and 1788.30.

**THIRD CLAIM FOR RELIEF – INTRUSION UPON SECLUSION**

60.  Ms. Henry repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

61.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

-11-

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                          Case #:

62.   One who intentionally intrudes, physically or otherwise, upon the seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the invasion would be highly offensive to a reasonable person.

63.   Ms. Henry has a reasonable expectation of privacy in regards to her private affairs or concerns, in this case her alleged debts.

64.   Ms. Henry likewise has a reasonable expectation of privacy in regards to her solitude and the seclusion of her person, against intrusion by another, especially as it relates to Defendant's ongoing, harassing, and baseless debt collection practices

65.   Belmont intentionally interfered, physically or otherwise, upon Ms. Henry's solitude, seclusion, as well as into her private affairs and concerns by engaging in unlawful and intrusive communications, as noted above.

66.   Belmont caused intentional harm to Ms. Henry's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, as noted above.

67.   These intrusions and invasions against Ms. Henry by Belmont occurred in a way that would be highly offensive to a reasonable person in that position.

68.   Defendant's intentional conduct caused both emotional and physical harm to Ms. Henry as stated above.

69.   As a result of such invasions of privacy, Ms. Henry is entitled to actual damages in an amount to be determined at trial from Belmont.

70.   Belmont acted in a despicable manner and in conscious disregard of Ms. Henry's rights.

71.   Belmont engaged in conduct, the natural consequence of which was to annoy and abuse; it made false, deceptive and misleading statements

-12-

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                     Case #:

in an attempt to collect a debt; it attempted to collect amounts not owed by law or agreement; it also engaged in unfair practices in an attempt to collect a debt, among other violations.

72.   Belmont also acted with oppression, fraud, and/or malice, thereby entitling Ms. Henry to punitive damages in an amount according to proof and a finder of fact at trial.

## FOURTH CLAIM – NEGLIGENT TRAINING AND SUPERVISION

73.   Ms. Henry incorporates by reference the above paragraphs as though fully stated herein below.

74.   Belmont negligently trained and supervised its employees and agents as to the performance of their job duties. As a result of such negligent instruction and supervision, the employees/agents, while carrying out their job duties, caused injury and damage to Ms. Henry.

75.   As a direct and proximate result of Belmont's unlawful conduct, Ms. Henry has suffered damages in an amount to be determined at trial.

76.   Belmont acted with oppression, and/or malice, thereby entitling Ms. Henry to punitive damages in an amount to be determined at trial. Belmont acted in a despicable manner and acted with a conscious disregard to the rights of Ms. Henry.

## FIFTH CLAIM – NEGLIGENCE

77.   Ms. Henry incorporates by reference the above paragraphs as though fully stated herein below.

78.   Belmont's outrageous, abusive, and intrusive acts as described herein constitute negligence.

79.   Belmont negligently inflicted emotional distress upon Ms. Henry.

80.   Belmont breached a duty imposed and failed to exercise ordinary care.

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

81.   Belmont owed Ms. Henry a duty to refrain from unlawful debt collection practices (Cal. Civil Code §1788 et seq.), unlawful telephone conduct (Penal Code §653m and the TCPA – Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)), and to properly investigate a claim of identity theft (Cal. Civil Code 1798.92 et seq).

82.   The breach of such duty proximately caused injury to Ms. Henry.

83.   The injury resulted from an occurrence, the nature of which these statutes were designed to protect Ms. Henry from.

84.   Ms. Henry is a member of the class of persons the statutes were designed to protect.

85.   Belmont's conduct, as described herein, was wrongful conduct in that Belmont conducted its business in an abusive, oppressive, and harassing manner.

86.   As a direct and proximate result of Belmont's unlawful conduct, Ms. Henry has suffered damages in an amount to be determined at trial. Belmont's wrongful conduct as described herein actually and proximately caused Ms. Henry's harm, as noted above.

87.   Belmont acted with oppression, and/or malice, thereby entitling Ms. Henry to punitive damages in an amount to be determined at trial. Belmont acted in a despicable manner and acted with a conscious disregard to the rights of Ms. Henry.

### SIXTH CLAIM – TCPA

*(Telephone Consumer Protection Act 47 U.S.C. § 227 et seq.)*

88.   Ms. Henry repeats, re-alleges and incorporates by reference all other paragraphs.

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                              Case #:

89.   At all times relevant to this complaint, Ms. Henry was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(39).

90.   At all times relevant to this complaint, Belmont has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

91.   Belmont, at all times relevant to the complaint herein, engaged in "telecommunications" defined by the TCPA, 47 U.S.C § 153(50).

92.   Belmont, at all times relevant to the complaint herein, engaged and engages in "interstate communications" by the TCPA, 47 U.S.C. §153(28).

93.   At all times relevant to this complaint, Belmont used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

94.   At all times relevant to this complaint, Belmont used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

95.   Belmont's automated telephone dialing system has the ability to dial phone numbers automatically from a stored list, or database file.

96.   Belmont's automated telephone dialing system has the present ability to generate random or sequential phone numbers and dial them.

97.   Belmont violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Ms. Henry's cellular phone in an attempt to collect an alleged debt.

98.   Belmont frequently made calls to Ms. Henry's cell phone using

-15-

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                          Case #:

an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or an artificial or prerecorded voice.

99. Belmont placed auto-dialer or prerecorded calls to Ms. Henry's cellular telephone

100. Belmont's violations were willful and knowing and intentional.

101. As a result of these violations of the TCPA, Belmont is liable to Ms. Henry for statutory damages, including treble damages.

102. Belmont engaged in willful and knowing violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

103. Belmont used an automated telephone dialing system and pre-recorded messages to telephone Ms. Henry's cellular telephone.

104. Belmont acted with oppression, fraud, and/or malice, thereby entitling Ms. Henry to punitive damages in an amount according to proof and a finder of fact at trial.

105. Ms. Henry is entitled to recover actual and punitive damages.

## SEVENTH CLAIM – CALIFORNIA CONSUMER
## CREDIT REPORTING ACT

106. Ms. Henry repeats, re-alleges and incorporates by reference all other paragraphs.

107. Belmont negligently and willfully furnished information to the credit reporting agencies with respect to plaintiff it knew or should have known was inaccurate, misleading and incomplete.

108. Belmont failed to conduct a reasonable investigation as to whether its credit reporting with respect to plaintiff was accurate, misleading or incomplete.

109. Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code §

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                                    Case #:

THE LAW OFFICES OF:
ANDRE L. VERDUN

1785.31, as a result of Belmont's willful and malicious conduct.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Ms. Henry, respectfully prays that judgment be entered against Belmont for the following:

A. Statutory, treble, actual and punitive damages; attorney's fees and costs;

B. Statutory damages pursuant to Cal. Civil Code §§ 1788.30 and 1788.17, 1785.31;

C. Statutory damages pursuant to the TCPA §227(b)(3), (including a trebling of those damages);

C. Costs and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.30, 1785.31 and 1798.93;

D. Costs and reasonable attorney's fees pursuant to Cal. Civil Code § 1788.30, 1785.31, 1798.93;

E. Punitive damages pursuant to Cal. Civil Code § 3294;

F. Statutory/Punitive Damages pursuant to § 1798 *et seq* against Belmont;

G. Injunctive relief pursuant to § 1785.31, 1798.93 and 47 U.S.C. §227(b)(3)(A);

H. That this Court find and declare that Ms. Henry is a victim of identity theft with respect to the above mentioned account;

I. For declaratory, injunctive, and other equitable relief, including an order directing Belmont to cease from any reporting of this fraudulent account or any other inaccurate or

/ / /

/ / /

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                    Case #:

incomplete information arising out of this fraud on Ms. Henry's credit reports.

J.  For such other and further relief as may be just and proper.

Dated: **October 27, 2018**

 /s Andre L. Verdun
Andre Verdun,
Attorneys for Plaintiff

### **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Ms. Henry demands trial by jury in this action.

Dated: **October 27, 2018**

 /s Andre L. Verdun   _
Andre Verdun,
Attorneys for Plaintiff

-18-

COMPLAINT FOR DAMAGES

*Henry v. Belmont Finance, LLC*                    Case #: